## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DR. SHIVA AKULA,**                                    CIVIL DOCKET
        **Plaintiff**

**VERSUS**                                                         NO.  22-1070

**DR. COURTNEY N. PHILLIPS,**                   SECTION: "E" (3)
       **Defendant**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss ("Motion") filed by Courtney N. Phillips in her official capacity as the Secretary of the Louisiana Department of Health ("Defendant").[1] The Motion seeks to dismiss Dr. Shiva Akula's ("Plaintiff") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes the Motion.[2]

## BACKGROUND

The following facts are taken from Plaintiff's amended complaint.[3] Plaintiff is a licensed medical doctor who specializes in infectious diseases.[4] Plaintiff engages in private medical practice, and, separately, he owns three hospice facilities in Louisiana: (1) Canon Healthcare, LLC; (2) Canon Hospice; and (3) Canon Hospice-Northshore, LLC.[5] Dr. Akula and physicians at the Canon Facilities provide end-of-life care to approximately

---

[1] R. Doc. 33.
[2] R. Doc. 34.
[3] R. Doc. 31.
[4] *Id.* at p. 2, ¶ 6.
[5] *Id.* at p. 1 n.1; *see also id.* at p. 2, ¶ 7. For brevity, the Court will refer to the three hospice facilities as the "Canon Facilities."

243,600 patients in the State of Louisiana.[6] Dr. Akula and the Canon Facilities were previously contracted with the State of Louisiana under Medicaid Provider Agreements.[7]

On August 6, 2021, a federal grand jury issued a criminal indictment against Plaintiff for health care fraud.[8] Shortly thereafter, the State of Louisiana notified Dr. Akula that it had terminated his Medicaid Provider Agreements pursuant to La. R.S. 46:437.11(D)(2).[9] That statute allows the Secretary of the Louisiana Department of Health to "terminate a provider agreement immediately and without written notice if a health care provider is the subject of a sanction or of a criminal, civil, or departmental proceeding."[10] Following the termination of his Medicaid Provider Agreements, Plaintiff filed suit in this Court.

Plaintiff brings four counts in his amended complaint. For clarity, the Court summarizes the counts as follows. In Count I, through a § 1983 claim, Plaintiff alleges his substantive due process rights, guaranteed by the U.S. Constitution's Fourteenth Amendment, were violated.[11] Specifically, Plaintiff contends the Defendant's termination of his Medicaid Provider Agreement under Louisiana law—Agreements he argues he has a property interest in[12]—is at is at odds with the Fourteenth Amendment because the termination was "based solely on an unproven indictment," where he was denied "either a pre or post termination hearing."[13] Plaintiff also alleges he has a liberty interest in his reputation and the presumption of innocence, and that these rights were infringed upon

---

[6] *Id.* at p. 2, ¶ 10. Plaintiff does not allege the periodicity of the "243,600 patients" figure.
[7] *Id.* at p. 4, ¶ 19.
[8] *Id.* at p. 3, ¶ 17.
[9] *Id.* at p. 4, ¶ 19.
[10] La. R.S. 46:437.11(D)(2).
[11] R. Doc. 31 at p. 8. The Court will refer to Count I as Plaintiff's "substantive due process claim."
[12] *Id.* at p. 4.
[13] *Id.* at p. 8.

in violation of the Fourteenth Amendment when Defendant terminated Plaintiff's Medicaid Provider Agreements.

In Count II, through a § 1983 claim, Plaintiff alleges Defendant violated his procedural due process rights when she terminated his Medicaid Provider Agreements under La. R.S. 46:437.11(D)(2).[14] In support thereof, Plaintiff alleges he "has a property interest in his qualification to accept Medicaid beneficiaries," "a property interest in his [P]rovider [A]greements,"[15] a liberty interest in his reputation, and a liberty interest in the presumption of innocence. When Defendant took away his property rights and infringed upon his liberty interests by terminating his Medicaid Provider Agreements, Plaintiff alleges the procedural due process provided to him fell short of the Fourteenth Amendment's requirements in the following ways: (1) Defendant did not provide Plaintiff a means to defend against unproven accusations, view evidence substantiating accusations contained in the indictment, or cross-examine adverse witnesses; (2) Defendant did not give Plaintiff written notice of the charges and an explanation of Defendant's evidence so that he could provide a meaningful response and an opportunity to correct factual mistakes in an investigation; (3) Defendant did not provide Plaintiff a "name clearing hearing;" and (4) Defendant did not provide a means for reinstatement upon Dr. Akula's "acquittal or other determination of innocence or not guilty" in the criminal case in which he is a defendant.[16]

[14] The Court will refer to Count II as Plaintiff's "procedural due process claim."
[15] *Id.* at p. 4.
[16] *Id.* at pp. 8-9. The Court will refer to Count III as Plaintiff's "preemption claim."

3

In Count III, through a § 1983 claim, Defendant alleges La. R.S. 46:437.11(D)(2) is preempted by 42 U.S.C. § 1396a(a)(23) and 42 C.F.R. § 431.51 by operation of the U.S. Constitution's Supremacy Clause.[17]

Count IV reflects the relief Plaintiff seeks should he prevail under Counts I, II, and III. That is (1) declaratory judgment that La. R.S. 46:437.111(D)(2) runs afoul of the substantive due process doctrine enshrined in the Fourteenth Amendment; (2) declaratory judgment that La. R.S. 46:437.111(D)(2) runs afoul of the procedural due process guarantees enshrined in the Fourteenth Amendment; (3) declaratory judgment that La. R.S. 46:437.111(D)(2) is inconsistent with 42 U.S.C. § 1396a(a)(23) and 42 C.F.R. § 431.51, and, thus, violates the Supremacy Clause; (4) injunctive relief to enjoin Defendant's termination of Plaintiff's Medicaid Provider Agreements;[18] and (5) an award of attorneys' fees and costs.[19]

## LEGAL STANDARD

### I.  Rule 12(b)(1) standard.

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[20] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[21] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction

---

[17] *Id.* at pp. 6, 9-10. Plaintiff does not use the word "preemption" when describing Count III. However, by alleging a state law violates federal laws, Plaintiff, in substance, asserts a preemption claim under § 1983. Accordingly, the Court construes Count III to be a preemption claim. Additionally, Plaintiff invokes the Supremacy Clause when alleging this claim, which further supports the Court's interpretation of Count III as a preemption claim. *See id.* at p. 6, ¶ 34.

[18] *Id.* at pp. 10-11.

[19] *Id.* at p. 11.

[20] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

[21] FED. R. CIV. P. 12(b)(1).

when the court lacks the statutory or constitutional power to adjudicate the case."[22] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[23] "When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim."[24]

## II.   Rule 12(b)(6) standard.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[25]   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27] However, the court does not accept as true legal conclusions or mere conclusory statements,[28] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[29] "[T]hreadbare

---

[22] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

[23] *In re FEMA*, 668 F.3d at 287.

[24] *Valdery v. Louisiana Workforce Comm'n*, No. CIV.A. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015).

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[27] *Id.*

[28] *Id.*

[29] *S. Christian Leadership Conf. v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[30]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[31] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."[32] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[33]

## LAW AND ANALYSIS

I. **Title 18, United States Code, Section 1983 provides an independent basis for this Court's subject matter jurisdiction over Plaintiff's claims.**

Defendant argues the Court lacks subject matter jurisdiction to hear Plaintiff's 18 U.S.C. § 1983 claims because "federal Medicaid regulations delegate the authority to adjudicate appeals of a provider's termination in the Medicaid program to the states . . . [and] Plaintiff does not assert a purely constitutional or procedural claim; therefore, Plaintiff's claims do not fall under the 'entirely collateral' exception to the requirement to exhaust administrative remedies."[34]

In this case, Defendant's argument that an administrative exhaustion requirement applies and that Plaintiff does not meet the "collateral attack exception" is misplaced because Plaintiff asserts constitutional claims under 18 U.S.C. § 1983. "[I]t is well-

---

[30] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[31] *Twombly*, 550 U.S. at 555.
[32] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[33] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[34] R. Doc. 33-1 at p. 6.

established that § 1983 claims do not require exhaustion of state administrative or judicial remedies."[35]

Almost by definition, a claim under § 1983 arises under federal law and will support federal question jurisdiction so long as it does not "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction."[36] Of course, § 1983 does not itself confer substantive federal rights; it simply provides a remedy for their deprivation.[37] As a result, Plaintiffs § 1983 claims will support jurisdiction in this case if he colorably asserts that Defendant deprived him of a specific "right [], privilege[], or immunit[y] secured by the Constitution and laws."[38] Plaintiff alleges his substantive and procedural due process rights were violated when Defendant terminated his Medicaid Provider Agreements. In support, Plaintiff alleges the existence of two specific property rights: (1) "a property interest in his qualification to accept Medicaid beneficiaries" and "a property interest in his [P]rovider [A]greements."[39] Plaintiff also alleges the existence of two specific liberty interests: (1) his liberty interest in his reputation; and (2) his liberty interest to be presumed innocent.[40]

Plaintiff further alleges La. R.S. 46:437.11(D)(2) is preempted by 42 U.S.C. § 1396a(a)(23) and 42 C.F.R. § 431.51. While the Supreme Court has recognized the Supremacy Clause is not itself a source of rights enforceable under § 1983, the Court also has recognized a plaintiff wishing to assert a claim of preemption may nevertheless invoke

---

[35] *Jackson v. St. Charles Parish Housing Authority Bd.*, 441 F.Supp.3d 341, 353 (E.D. La. 2/21/2020) (Ashe, J.) (citing *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982); *Romano v. Greenstein*, 721 F.3d 373, 376 (5th Cir. 2013) (citing *Patsy*)).

[36] *Bell v. Hood*, 327 U.S. 678, 682-63 (1946).

[37] *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617-18 (1979).

[38] 18 U.S.C. § 1983.

[39] R. Doc. 31 at p. 4, ¶¶ 21-22.

[40] *Id.* at p. 5.

§ 1983 if the allegedly preempting federal statute does not create such a right.[41] In this case, the allegedly preemptive federal statute—42 U.S.C. § 1396a(a)(23)—does not create such a right. These claims are not clearly "frivolous on the facts of this case."[42] Accordingly, because Plaintiff's § 1983 claims are not "immaterial and made solely for the purpose of obtaining jurisdiction," the Court exercises federal question jurisdiction under 28 U.S.C. § 1331.[43] Defendant is not entitled to dismissal on the basis of Rule 12(b)(1). The Court will now analyze whether Defendant is entitled to dismissal of Plaintiff's claims under Rule 12(b)(6).

## II.    Plaintiff's substantive due process (Count I) and procedural due process (Count II) claims must be dismissed because the property and liberty interests he alleges are not legally recognized.

Defendant argues Counts I and II of Plaintiff's amended complaint should be dismissed because Plaintiff cannot point to any source of law that supports his allegations that he has a property interest in participating in the Medicaid program or other liberty interests to support his § 1983 claims.

The existence of a property right or liberty interest is a threshold requirement for Plaintiff to prevail on his substantive due process and procedural due process § 1983 claims. The Fifth Circuit has recognized that "[t]o prevail on a substantive due process claim, [plaintiffs] must first establish that [they] held a constitutionally protected property right [or liberty interest] to which the Fourteenth Amendment's due process protection applies."[44] Likewise, the Fifth Circuit has held a plaintiff is not "entitle[d] to

---

[41] *Golden State Transit Corp. v. City of Los Angeles (Golden State Transit II)*, 493 U.S. 103, 110 (1989); *see also id*. at 107 n.4; *see also Planned Parenthood of Houston & S.E. Tex. v. Sanchez*, 403 F.3d 324, 331 (5th Cir. 2005).

[42] *See Local Union No. 12004 v. Massachusetts*, 377 F.3d 64, 76 (1st Cir. 2004).

[43] To be clear, the Court does not find Plaintiff can prevail on his claims.

[44] *See Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240, 249-50 (5th Cir. 2000).

the protection of procedural due process" in the absence of a "property right [or liberty interest]."[45]

In his amended complaint, Plaintiff alleges a handful of interests to support his substantive and procedural due process claims: (1) a property interest in his qualification to accept Medicaid beneficiaries;[46] (2) a property interest in his Provider Agreements;[47] (3) a liberty interest in his reputation;[48] and (4) a liberty interest in being presumed innocent.[49] The Court will analyze each alleged property right and liberty interest in turn.

In terms of the first two alleged interests, the Court finds Plaintiff has no property interest in his qualification to accept Medicaid beneficiaries or in his Medicaid Provider Agreements. In *Shah v. Azar*, the Fifth Circuit recognized:

> "A property interest requires 'more than a unilateral expectation' of a benefit. Instead, a person must 'have a legitimate claim of entitlement to it.'" While this court has not directly addressed whether a healthcare provider has a property interest in being a provider in federal health care programs, a number of other circuits have determined that a provider does not have such a protected interest. Because health care providers "are not the intended beneficiaries of the federal health care programs ... they therefore do not have a property interest in continued participation or reimbursement." While the physicians may be correct that they lost a considerable amount of money in reimbursable services because of their inability to participate in Medicare for three years, the income losses do not rise to the level of a protected property interest because "no clear promises have been made by the Government" that would create a legitimate claim of entitlement. We agree with our four other sister circuits that have determined participation in the federal Medicare reimbursement program is not a property interest.[50]

Fifth Circuit caselaw is clear on this point: physicians' participation in the Medicare or Medicaid reimbursement programs is not a property interest because they are not the

---

[45] *See State Machinery & Equipment Sales Inc. v. Livingston Parish*, 352 Fed.Appx. 888, 888 (5th Cir. 2009).
[46] R. Doc. 31 at p. 4, ¶ 21.
[47] *Id.* at p. 4, ¶ 22.
[48] *Id.* at p. 5.
[49] *Id.*
[50] *Shah v. Azar*, 920 F.3d 987, 997-98 (5th Cir. 2019).

intended beneficiaries of the Medicaid program.[51] As a result, Plaintiff has no property interest in his qualification to accept Medicaid beneficiaries or in his Medicaid Provider Agreements—both of which are narrower aspects of, and captured by, one's participation in the Medicaid reimbursement program. Thus, these two alleged "property rights" cannot support Plaintiff's substantive or procedural due process claims under § 1983.

Third, Plaintiff alleges he has a liberty interest in his reputation and Defendant violated this liberty interest because no name-clearing hearing was offered. In this respect, Plaintiff invokes the "stigma-plus" test from *Paul v. Davis*.[52] "To show a due process violation under this theory, 'a section 1983 plaintiff [must] show stigma plus an infringement of some other interest."[53] "[T]he infliction of a stigma on a person's reputation by a state official, without more, does not infringe upon a protected liberty interest."[54] The Fifth Circuit has "found sufficient stigma *only where* a state actor has made concrete, false assertions of wrongdoing on the part of the plaintiff."[55]

In this case, Plaintiff does not allege that the Secretary of the Louisiana Department of Health, Dr. Courtney N. Phillips, made concrete, false assertions of wrongdoing on the part of Plaintiff. Instead, Plaintiff alleges the federal government made false assertions of wrongdoing on the part of Plaintiff in his criminal case because Plaintiff contends he is innocent and did not commit health care fraud.[56] The federal government

---

[51] *Id.*

[52] 424 U.S. 693 (1976). In his opposition to the Motion to Dismiss, Plaintiff clarifies that he invokes the stigma-plus test. *See* R. Doc. 34 at p. 15.

[53] *Does 1-7 v. Abbott*, 945 F.3d 307, 313 (5th Cir. 2019) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 935-36 (5th Cir. 1995)) (alterations in original).

[54] *Id.* (internal quotations omitted).

[55] *Id.* (internal quotations omitted) (emphasis added).

[56] *See* R. Doc. 31 at p. 6, ¶ 37 ("Upon information and belief, the federal government has zero evidence . . . [that] purports to show" Dr. Akula's guilt).

is not a defendant in this case. Plaintiff alleges the Defendant in this case terminated Plaintiff's Medicaid Provider Agreements because Plaintiff is the subject of a federal criminal investigation for health care fraud.[57] It is undisputed that Plaintiff is, in fact, the subject of a criminal investigation[58]—indeed, he was indicted by a federal grand jury for health care fraud and his criminal trial is set for early 2023.[59] Taking Plaintiff's allegations as true, he has not alleged Defendant, the state actor sued in this case, has made a false assertion of fact. As a result, the alleged liberty interest—Plaintiff's reputation—cannot support either his substantive or procedural due process claims under § 1983 because it fails the Fifth Circuit's analytical framework for stigma-plus due process violations.

Fourth, Plaintiff alleges he has a liberty interest in being presumed innocent.[60] Plaintiff alleges Defendant's application of La. R.S. 46:437.11(D)(2), which allows the Secretary of the Louisiana Department of Health to voluntarily terminate Medicaid provider agreements when a provider is the subject of a criminal proceeding, flies in the face of the presumption of innocence.[61] The Fifth Circuit has not addressed the merits of an argument like the one asserted by Plaintiff in this case; other federal courts have.

For example, in *Itta v. Harvey*, a former schoolteacher was fired by her employer after allegations of sexual misconduct with a student surfaced.[62] The plaintiff in that case brought § 1983 "due process claims" against, *inter alia*, the school district's superintendent in her official capacity.[63] The schoolteacher argued it was

---

[57] *Id.* at p. 4, ¶ 19; *see also id.* at p. 5, ¶ 28.
[58] *Id.* at p. 3, ¶ 17.
[59] *See United States v. Akula,* CR21-98, R. Doc. 99 (E.D. La. 9/6/2022) (Africk, J.).
[60] R. Doc. 31 at p. 5, ¶ 29.
[61] *Id.*
[62] 2022 WL 204574, at *1-2 (D. Alaska 1/24/2022) (Holland, J.).
[63] *Id.* at *1.

unconstitutional for the superintendent to terminate her on the basis of allegations of criminal conduct because she was entitled to "the presumption of innocence for the criminal act(s) alleged."[64] The U.S. District Court for the District of Alaska found the schoolteacher's claim to a liberty interest in a "presumption of innocence" to be "wholly without merit" because that is a "right[] inherent in criminal prosecutions."[65] Because the schoolteacher failed to "satisfy[y] the threshold requirement of identifying any liberty or property interest protected the Constitution," her § 1983 claim was dismissed.[66] This Court agrees with the reasoning of *Itta*. Dr. Akula cannot rely on the "presumption of innocence," which criminal defendants in the criminal context enjoy, as a liberty interest supporting his § 1983 claims in the civil context.

In sum, Plaintiff has failed to allege a legally recognized liberty or property interest protected by the U.S. Constitution. The existence of a property right or liberty interest is a threshold requirement for Plaintiff to prevail on his substantive due process and procedural due process § 1983 claims.[67] Accordingly, even accepting all factual allegations as true, Plaintiff has failed to state a claim upon which relief may be granted in the first and second counts of his amended complaint. Counts I and II should be dismissed.

---

[64] *Id.* at *2.
[65] *Id.* at *5.
[66] *Id.*
[67] *See Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240, 249-50 (5th Cir. 2000); *see also State Machinery & Equipment Sales Inc. v. Livingston Parish*, 352 Fed.Appx. 888, 888 (5th Cir. 2009).

### III.   Plaintiff's preemption claim (Count III) is dismissed.

In Count III, through a § 1983 claim, Defendant alleges La. R.S. 46:437.11(D)(2), which allows the Secretary of the Louisiana Department of Health to "terminate a provider agreement immediately and without written notice if a health care provider is the subject of a sanction or of a criminal, civil, or departmental proceeding," is preempted by 42 U.S.C. § 1396a(a)(23)[68] and 42 C.F.R. § 431.51[69] by operation of the U.S. Constitution's Supremacy Clause.[70] Generally, 42 U.S.C. § 1396a(a)(23) provides that "any individual eligible for medical assistance . . . may obtain such assistance . . . from any person, qualified to perform the service" and prohibits a "medicaid managed care organization" from "restrict[ing] the choice of the qualified person . . . except that" § 1396a(a)(23) "shall [not] be construed as requiring a State to provide medical assistance . . . furnished by a person . . . convicted of a felony."

Courts have recognized that a plaintiff may assert federal preemption as an affirmative cause of action under § 1983 to enjoin state officials from interfering with federal rights.[71] "By virtue of the Supremacy Clause, it is a 'fundamental principle of the

---

[68] 42 U.S.C. § 1396a(a)(23) provides that "(A) any individual eligible for medical assistance . . . may obtain such assistance from any . . . person, qualified to perform the service or services required . . . , who undertakes to provide him such services, and (B) an enrollment of an individual eligible for medical assistance in a primary care case-management system (described in section 1396n(b)(1) of this title), a medicaid managed care organization, or a similar entity shall not restrict the choice of the qualified person from whom the individual may receive services under section 1396d(a)(4)(C) of this title, except as provided in subsection (g), in section 1396n of this title, and in section 1396u–2(a) of this title, except that this paragraph shall not apply in the case of Puerto Rico, the Virgin Islands, and Guam, and except that nothing in this paragraph shall be construed as requiring a State to provide medical assistance for such services furnished by a person or entity convicted of a felony under Federal or State law for an offense which the State agency determines is inconsistent with the best interests of beneficiaries under the State plan or by a provider or supplier to which a moratorium under subsection (kk)(4) is applied during the period of such moratorium.
[69] 42 C.F.R. § 431.51 is 42 U.S.C. § 1396a(a)(23)'s implementing regulation.
[70] *Id.* at pp. 6, 9-10.
[71] *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983); *see also Planned Parenthood of Houston & S.E. Tex. v. Sanchez*, 403 F.3d 324 (5th Cir. 2005).

Constitution . . . that Congress has the power to preempt state law.'"[72] Preemption analysis begins with a presumption against preemption and focuses first on the text of the statute.[73] Unless Congress has "indicate[d] pre-emptive intent through a statute's express language or through its structure and purpose," the state law is presumed to be valid.[74]

Because 42 U.S.C. § 1396a(a)(23) and 42 C.F.R. § 431.51 contain no express preemption language, only implied preemption is even conceivably at issue. Implied preemption comes in two forms: (1) field preemption, which arises when the federal regulatory scheme is so pervasive or the federal interest so dominant that it may be inferred that Congress intended to occupy the entire legislative field; and (2) conflict preemption, which arises when state law conflicts with federal law to the extent that "compliance with both federal and state regulations is a physical impossibility," or the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."[75] Plaintiff does not specify in his amended complaint or briefing which form of preemption he invokes. Plaintiff's allegation in his amended complaint, however, that "Louisiana's qualification requirements violate federal law because they materially change who and on what terms (sic) may provide medical services,"[76] sounds in "conflict preemption."

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When a complaint does not meet the pleading requirements of Rule 8, Rule

---

[72] *Sanchez*, 403 F.3d at 336.

[73] *Wyeth v. Levine*, 555 U.S. 555, 565 & n.3 (2009).

[74] *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008).

[75] *Arizona v. United States*, 132 S.Ct. 2942, 2501 (2012) (internal quotations omitted).

[76] R. Doc. 31 at p. 10, ¶ 58. He also similarly alleges, in conclusory form, the Louisiana law "is inconsistent with" the federal law's "qualification requirements, and, therefore, violates the Supremacy Clause." *Id*. at p. 6, ¶ 34.

12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted. The Court finds Plaintiff did not plead sufficient facts to state a plausible claim based on preemption. Plaintiff neither alleges in his amended complaint nor addresses in his opposition to the instant Motion to Dismiss how La. R.S. 46:437.11(D)(2) "violates," and as a result is preempted by, 42 U.S.C. § 1396a(a)(23) and 42 C.F.R. § 431.51. Plaintiff makes only the conclusive allegation that "Louisiana's qualification requirements violate federal law because they materially change who and on what terms (sic) may provide medical services."[77] First, this is a legal conclusion that the Court is not required to accept as true.[78] Second, Plaintiff does not explain in any specific way how Louisiana law materially changes the requirements of who may provide medical services beyond conclusively stating it does. The Court is left to guess what Plaintiff's argument is. This is the quintessential example of an allegation that cannot survive a 12(b)(6) motion to dismiss.

For the purpose of completeness, the Court will assume Plaintiff's argument is that 42 U.S.C. § 1396a(a)(23) preempts La. R.S. 46:437.11(D)(2) because, under federal law, an eligible person may obtain medical service from any person qualified to render the service but a state is not required to provide services furnished by a person convicted of a felony, while La. R.S. 46:437.11(D)(2) allows the Defendant to terminate Plaintiff's Medicaid Provider Agreements if Plaintiff is even the subject of a criminal investigation. This argument does not prevail. The Fifth Circuit has recognized:

> [T]he Medicaid Act leaves it up to a State to determine if a particular provider's Medicaid agreement should be terminated because the provider is not "qualified"

---

[77] R. Doc. 31 at p. 10, ¶ 58. He also similarly alleges, in conclusory form, the Louisiana law "is inconsistent with" the federal law's "qualification requirements, and, therefore, violates the Supremacy Clause." *Id.* at p. 6, ¶ 34.

[78] *See Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 2015 WL 7281618, at *3 (E.D. La. 12/16/2015).

or terminated on other grounds. . . . [A] state agency may determine that a Medicaid provider is unqualified and terminate its Medicaid provider agreement even if the provider is lawfully permitted to provide health services to the general public.[79]

The Medicaid Act and its enacting regulations do not preempt La. R.S. 46:437.11(D)(2) because they are not in conflict. First, 42 U.S.C. § 1396a(a)(23) and 42 C.F.R. § 431.51 contain no express preemption language. Second, compliance with 42 U.S.C. § 1396a(a)(23), 42 C.F.R. § 431.51, and La. R.S. 46:437.11(D)(2) is not a physical impossibility. The federal law at issue confirms Louisiana is not required to provide medical services furnished by a physician convicted of a felony. The Louisiana statute at issue enables the Secretary of the Louisiana Department of Health to terminate Medicaid provider agreements if a physician is under criminal investigation. The state and federal laws are not mutually exclusive Simply, La. R.S. 46:437.11(D)(2) is but another "ground[]" by which the State of Louisiana may terminate Medicaid provider agreements.[80] For the foregoing reasons, Plaintiff's preemption claim in Count III must be dismissed.[81]

## IV.   Plaintiff's declaratory relief claim (Count IV) is dismissed.

Count IV, styled as a "declaratory relief claim," only states the relief Plaintiff seeks should he prevail on Counts I, II, and III. Said differently, Count IV is "subsumed by the claims advanced in other counts of the complaint."[82] Because the Court has found Plaintiff failed to state claims upon which relief can be granted in Counts I, II, and III, Count IV should be dismissed—there is nothing for it to stand on.

---

[79] *See Planned Parenthood of Greater Texas v. Kaufmann*, 981 F.3d 347, 362, 368-69 (5th Cir. 2020).
[80] *Id.* ("[T]he Medicaid Act leaves it up to a State to determine if a particular provider's Medicaid agreement should be terminated because the provider is not 'qualified' or terminated on other grounds.")
[81] The Court previously allowed Plaintiff to amend his complaint after Defendant filed her first motion to dismiss Plaintiff's claims. Plaintiff filed an amended complaint, and the Court denied Defendant's motion to dismiss without prejudice. *See* R. Doc. 32. To grant Plaintiff an additional opportunity to amend would cause undue prejudice to Defendant. Accordingly, the Court will not grant Plaintiff leave to amend again and the dismissal of Plaintiff's amended complaint is with prejudice.
[82] *See SE Distributors, Inc. v. United Specialty Ins. Co.*, 2017 WL 9600300, at *5 (S.D. Fla. 3/13/2017).

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Dismiss[83] is **GRANTED**, and Plaintiff's claims against Defendant are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction[84] is **DENIED AS MOOT**.

**New Orleans, Louisiana, this 23rd day of December, 2022.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[83] R. Doc. 33.
[84] R. Doc. 10.